**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50296 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-01005-VBF-26 |
| v. | |
| TRAMOND S. DAVIS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted January 7, 2013
Pasadena, California

Before: CANBY, REINHARDT, and WARDLAW, Circuit Judges.

Tramond Davis appeals from his district court conviction of conspiracy to

commit wire and bank fraud. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We reverse.

I.

Davis and the government agree that an international conspiracy existed to

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

commit bank and wire fraud by "phishing" for unsuspecting persons' bank account information and then using that information to transfer money from the victims' accounts to "drop" accounts set up at the behest of the conspirators. After the transfer, the victims' funds were then quickly withdrawn from the "drop" accounts. Although the government presented ample evidence to demonstrate that Davis set up a "drop" account, the government did not prove beyond a reasonable doubt that Davis "embraced the common purpose of the overall conspiracy." *United States v. Bibbero*, 749 F.2d 581, 587 (9th Cir. 1984). Consequently, there was insufficient evidence to support a conviction. *See id.*

## II.

On appeal, we construe all of the evidence presented at trial in the prosecution's favor, and only then decide whether any rational trier of fact could have found Davis guilty beyond a reasonable doubt. *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010)(citing *Jackson v. Virginia*, 443 U.S. 307, 318-19, 326 (1979)). In deciding whether Davis's "understanding with co-conspirators 'was of sufficient scope to warrant the conclusion that he embraced the common purpose of the conspiracy,'" *United States v. Umagat*, 998 F.2d 770, 772-73 (9th Cir. 1993) (quoting *Bibbero*, 744 F.2d at 587), we consider as a crucial factor the "degree of his knowledge, actual or constructive, of the scope of the *overall*

2

conspiracy." *Umagat*, 998 F.2d at 773 (emphasis in original).

Even with all of the evidence presented by the government construed against Davis, the fact remains that no evidence was presented that would allow a rational trier of fact to conclude that Davis knew of the conspirators' fraudulent scheme. The government presented evidence that Davis benefitted from a single bank withdrawal orchestrated by the conspiracy, but mere involvement "is not sufficient to establish 'knowing participation in a scheme to defraud.'" *United States v. Piepgrass*, 425 F.2d 194, 199 (9th Cir. 1970) (quoting *Windsor v. United States*, 384 F.2d 535, 536 (9th Cir. 1967)). Even though the government presented evidence that demonstrated that Davis's actions were coordinated by and at the behest of a member of the conspiracy, "'constructive' notice or knowledge of a circumstance, based upon the actual knowledge of a co-conspirator . . . has no tendency, circumstantially or otherwise, to prove criminal intent." *Phillips v. United States*, 356 F.2d 297, 303 (9th Cir. 1965). Finally, the government relies on the jury's apparent rejection of Davis's innocent explanation as affirmative evidence of guilt. "But such disbelief can provide only partial support," *United States v. Martinez*, 514 F.2d 334, 341 (9th Cir. 1975); here, further proof of knowledge was insufficient to permit a finding of guilty beyond a reasonable doubt on the totality of the evidence.

The government seeks to impute knowledge to Davis from the circumstances that surrounded the deposit to Davis's account and his withdrawal. Those circumstances do not constitute sufficient evidence of Davis's knowledge of the scope of the conspiracy. Indeed, if the evidence presented at trial demonstrated anything on that point, it was that the conspirators did their best to hide the conspiracy's existence and true nature from Davis, who opened the account using his true name, address, date of birth and Social Security number. On this record, no rational trier of fact could have found "beyond doubt, the requisite specific intent to defraud because the logical relationship between what [Davis] could have known and a specific intent has no rational basis." *Piepgrass*, 425 F.2d at 199-200.

**REVERSED.**